UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

SHAWN GILREATH,                )
                               )
                Petitioner,    )
                               )
        v.                     )        No. 2:24-cv-00195-JPH-MJD
                               )
WARDEN,                        )
                               )
                Respondent.    )

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Petitioner Shawn Gilreath, a federal inmate, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging an August 2017 prison disciplinary proceeding identified as Incident Report No. 3050222. For the reasons explained in this Order, Mr. Gilreath's habeas petition is **DENIED**, and the **clerk is directed to enter final judgment.**

**I.    Overview**

Federal inmates seeking to challenge the loss of good time credits in prison disciplinary proceedings on due process grounds may petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Jones v. Cross*, 637 F.3d 841, 845 (7th Cir. 2011). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see*

*also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974); *Jones*, 637 F.3d at 845 (same for federal inmates).

## II.    Disciplinary Proceeding

On October 29, 2017, Federal Bureau of Prisons ("BOP") Officer Stockton wrote Incident Report No. 3050222 charging Mr. Gilreath with a violation of Prohibited Act Code 296 Mail Abuse (Email), Code 297 Phone Abuse, and Code 328 Giving/Receiving Money. Dkt. 16-1 at 6-8 ¶ 14; dkt. 16-4 at 2–6.

The Disciplinary Hearing Officer ("DHO") proceeded with the disciplinary hearing process on November 8, 2017. Dkt. 16-1 at 9 ¶ 18; dkt. 16-4 at 2–6. The DHO reviewed Mr. Gilreath's due process rights with him and confirmed he had received a copy of the incident report. Dkt. 16-1 at 9 ¶ 18; dkt. 16-4 at 2-6. Mr. Gilreath admitted to the charges and stated, "I'm guilty. I did it." Dkt. 16-1 at 9 ¶ 18; dkt. 16-4 at 2-6.

Based upon the greater weight of the evidence, the DHO concluded that Mr. Gilreath committed the prohibited act of Code 296 Mail Abuse, and Code 297 Telephone Abuse, but did not find that Mr. Gilreath was guilty of Code 328 Giving/Receiving Money. Dkt. 16-1 at 9–10 ¶ 19; dkt. 16-4 at 2–6. The DHO imposed the following sanctions for the Code 296 Mail Abuse (Email) violation: 15 days of disciplinary segregation, 27 days disallowance of good conduct time, 30 forfeited days of non-vested good conduct time, one year loss of email and visitation privileges, and a $200 fine. Dkt. 16-1 at 10 ¶ 20; dkt. 16-4 at 2–6. Mr. Gilreath received sanctions for the Code 297 Telephone Abuse, but he does not challenge them in this petition. *See* dkt. 1. The DHO report was completed on

November 29, 2017, and a copy was delivered to Mr. Gilreath the same day. Dkt. 16-1 at 10 ¶ 21; dkt. 16-4 at 6.

Mr. Gilreath was informed of his right to appeal at the conclusion of the hearing, which had to be filed within 20 calendar days of receiving the DHO report. Dkt. 16-1 at 10 ¶ 21; dkt. 16-4 at 6; 28 C.F.R. § 542.14(a). Therefore, Mr. Gilreath's administrative remedy appeal was due by December 19, 2017. Dkt. 16-1 at 10–11 ¶ 22. He did not file his appeal until March 4, 2024, seeking expungement of the charge and reimbursement of the monetary fine in remedy number 1190857-Rl. Dkt. 16-1 at 11 ¶ 22; dkt. 16-5 at 41. The appeal was rejected as untimely and not considered on the merits. Dkt. 16-1 at 11 ¶ 22; dkt. 16-5 at 41. Mr. Gilreath appealed the rejection of the appeal with Remedy 1190857-Al on April 19, 2024, which was also rejected as untimely. Dkt. 16-1 at 11 ¶ 22; dkt. 16-5 at 42.

## III.    Analysis

Mr. Gilreath alleges that his due process rights were violated during the disciplinary proceedings. Dkt. 1. More specifically, he argues that BOP violated its own policy by charging him with a violation of Code 296 because it relates only to the abuse of mail and not e-mail correspondence.

Respondent argues that Mr. Gilreath failed to timely exhaust his administrative remedies, was charged appropriately under Code 296, and received the procedural due process to which he was entitled, and that the disciplinary finding was supported by "some evidence." Dkt. 16. Because the exhaustion argument is dispositive, the Court does not reach the others.

Administrative exhaustion requirements apply to section 2241 actions. *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004); *Sanchez v. Miller*, 792 F.2d 694, 699 (7th Cir. 1986) ("We reaffirm that a federal prisoner challenging a disciplinary decision within the federal institution must exhaust his administrative remedies before seeking federal habeas relief.").

When appealing DHO decisions, there is a two-step administrative remedy process. 28 C.F.R. § 542, *et seq.* The first appeal must be submitted to the Regional Office within twenty (20) days of receipt of the DHO report. 28 C.F.R. § 542.14(d)(2). A second appeal must be filed with the Central Office (General Counsel). 28 C.F.R. § 542.15(a). Here, Mr. Gilreath was provided with a copy of the DHO repot on November 29, 2017. His appeal was due by December 19, 2017. He did not submit his first appeal until seven years later on March 4, 2024. His appeal was rejected as untimely. Mr. Gilreath does not dispute that his appeal was seven years late.

Instead, Mr. Gilreath argues that he is not bound by the "time limits" of administrative remedies in habeas actions. Dkt. 17 at 1. However, Mr. Gilreath's argument that administrative exhaustion requirements do not apply to federal habeas actions fails. Federal habeas cases require exhaustion. *See Richmond*, 387 F.3d at 604; *Sanchez*, 792 F.2d at 699. Mr. Gilreath has not cited any authority to the contrary. Mr. Gilreath has clearly not complied with the time requirements of the BOP's administrative appeal process. Therefore, he did not properly exhaust his administrative remedies.

Procedural default caused by failure to exhaust administrative review can be overcome if the petitioner shows cause and prejudice or shows that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2002). Here, Mr. Gilreath has made no argument that cause or prejudice applies.

Because Mr. Gilreath failed to exhaust his available administrative remedies as to his claims, they are procedurally defaulted and federal habeas relief is not available.

## IV.    Conclusion

The undisputed record reflects that Mr. Gilreath did not timely exhaust his available administrative remedies before filing this habeas action. Therefore, Mr. Gilreath's petition for a writ of habeas corpus relating to Incident No. 3050222 is **denied** and the action is **dismissed with prejudice**. Final Judgment consistent with this Order shall now issue.

**SO ORDERED**.

Date: 8/22/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Distribution:                         Southern District of Indiana

SHAWN GILREATH
47555-019
CUMBERLAND - FCI
CUMBERLAND FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
CUMBERLAND, MD 21501

All electronically registered counsel

5